IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UGONWA AZIKE, | ) | CASE NO. 8:09CV37 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| E-LOAN, INC., and ERIC KNUTDSON, d/b/a CAR NATION, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion to Dismiss (Filing No. 32), filed pursuant to Fed. R. Civ. Pro. 12(b)(6) by Defendant E-Loan, Inc. ("E-Loan"), and the Motion for Default Judgment (Filing No. 35) filed by Plaintiff Ugonwa Azike ("Azike"). The Court concludes that E-Loan's Motion to Dismiss should be granted,[1] and Azike's Motion for Default Judgment should be denied.

## BACKGROUND

This case concerns a loan Azike allegedly obtained from E-Loan when she purchased a car from Defendant Eric Knutdson, d/b/a Car Nation ("Car Nation"). Azike filed her original complaint in the District Court for Douglas County, Nebraska, on or about December 10, 2008. (Filing No. 1.) After timely removing the case to U.S. District Court, District of Nebraska (Filing No. 1), E-Loan filed its answer on February 2, 2009 (Filing No. 8). On March 30, 2009, E-Loan filed a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). (Filing No. 15.) On March 31, 2009, Azike filed her Motion to Amend Complaint.

---

[1] While the Court is granting E-Loan's Motion to Dismiss and dismissing all four of Azike's claims against E-Loan, this Memorandum and Order has no impact on Azike's four claims against Car Nation. Car Nation has not filed a Rule 12(b)(6) Motion, and consequently, all of Azike's claims against Defendant Car Nation remain.

(Filing No. 18.)  On May 4, 2009, this Court denied E-Loan's first motion to dismiss on procedural grounds, and granted Azike's Motion to Amend Complaint. (Filing No. 27.)  The Court instructed E-Loan to file a responsive pleading to the Amended Complaint "within the time allowed by Fed. R. Civ. P. 15(a)." (Order, Filing No. 27 at 1.)

Azike filed her Amended Complaint (Filing No. 28) on May 5, 2009, asserting four causes of action against E-Loan and Car Nation, based on: the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640, *et seq.*; the Uniform Deceptive Trade Practices Act ("UDTPA"), Neb. Rev. Stat. § 87-302; the Nebraska Consumer Protection Act ("NCPA"), Neb. Rev. Stat. § 59-1602; and Unfair and Deceptive Acts and Practices Act ("UDAP"), "§ 5.4.6.12" [sic]. (Filing No. 28 at 3-5.)  Azike alleged that she sought and obtained a loan from E-Loan for the purchase of a used automobile from Car Nation, and, in connection with that loan, she executed a promissory note and security agreement in favor of E-Loan. (Filing No. 28 at ¶¶ 7-8.)  Azike asserted that E-Loan failed to provide her with a copy of the loan documents on June 2, 2007, but that on June 7, 2007, she received a copy of the note, security agreement, Truth-in-Lending disclosure statement, and a loan payment book dated June 4, 2008. (Filing No. 28 at ¶ 10.)

Azike stated that Car Nation advised her that she was only "acting as a co-signer for a friend who had completed an application to purchase a black 2003 Pontiac Grand AM" and that "after six months, she would be taken off the loan and the principle [sic] borrower, April Graves, would be solely responsible for the repayment of the loan." (Filing No. 28 at ¶¶ 12-13.)  Azike stated that she "completed a credit application as a co-signer as instructed by Car Nation and was approved for up to $19,995.00," but she maintained

2

that the actual value of the vehicle purchased "was approximately $7,650.00 in excellent condition." (Filing No. 28 at ¶ 14.)

On May 18, 2009, E-Loan filed the present Motion to Dismiss, arguing that all Azike's claims against E-Loan fail to state a claim on which relief can be granted. (Filing No. 32.) In response to E-Loan's Motion, Azike filed a Motion for Default Judgment, contending that both Defendants are in default for failing to file an answer to her Amended Complaint. (Filing No. 35.) On May 29, 2009, Car Nation filed its Amended Answer (Filing No. 38) in response to the Amended Complaint.

## STANDARD OF REVIEW

### 1. Rule 12(b)(6) Motion

Pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quotations and citations omitted). "The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008)(citing *Twombly*, 550 U.S. at 555-56).

When ruling on a Defendant's motion to dismiss, a judge must rule "on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. The complaint must contain "enough fact to raise a reasonable expectation that discovery

3

will reveal evidence" to substantiate the necessary elements of the plaintiff's claim. *Id*. at 556. The Court will grant a Rule 12(b)(6) motion "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997); *see also Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1062-63 (8th Cir. 2005) (applying the same standard of review to a Rule 12(b)(6) motion filed in response to an *amended* complaint as is applied in reviewing a Rule 12(b)(6) motion filed in response to an original complaint).

### 2. Motion for Default Judgment

"[T]he entry of a default judgment . . . [is] committed to the sound discretion of the district court." *U.S. on Behalf of and for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). Fed R. Civ. Pro. 55 provides the Court with the authority to enter default judgment against a Defendant for failure "to plead or otherwise defend" a plaintiff's allegations contained within the complaint. "Default judgment for failure to defend is appropriate when the party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'" *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996)(quoting *Harre*, 983 F.2d at 130); *see also* Fed. R. Civ. Pro. 37(b)(2)(A)(vi). "Default judgments, however, are not favored by the law." *Harre*, 983 F.2d at 130. The sanction of default judgment "should not be used to punish marginal failure[s] to comply with time requirements." *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997) (quotations and citations omitted).

## DISCUSSION

1.  **Azike's Motion for Default Judgment**

Azike contends that both Defendants failed to file responsive pleadings to her Amended Complaint before May 19, 2009, pursuant to this Court's May 4, 2009, order (Filing No. 35 at 2; order, Filing No. 27). Regarding E-Loan, Azike argues that a motion filed pursuant to Fed. R. Civ. Pro. 12(b)(6) is not a responsive pleading. Azike cites no legal authority for this proposition, and there is none. Fed. R. Civ. Pro. 12 considers a 12(b)(6) motion to dismiss as a responsive pleading. *See* Fed. R. Civ. Pro. 12(b) (stating that a party may assert a 12(b)(6) defense *as* its responsive pleading to a plaintiff's complaint)). Because E-Loan filed its 12(b)(6) Motion to Dismiss Azike's Amended Complaint (Filing No. 32) on May 18, 2009, E-Loan is not in default for failure to respond.

Likewise, Car Nation is not in default. While it is true that Car Nation failed to file its Answer to the Amended Complaint (Filing No. 38) in timely compliance with Fed. R. Civ. Pro. 15(a), this Court will not use the sanction of default judgment to punish such a "marginal failure[] to comply with time requirements." *Inman*, 120 F.3d at 119.

The Court concludes that neither of the two Defendants has failed to respond to Azike's Amended Complaint, and the Court will deny her Motion for Default Judgment.

2.  **E-Loan's 12(b)(6) Motion to Dismiss**

    A.  *Plaintiff's First Cause of Action under TILA*

The Court will grant E-Loan's Motion to Dismiss Azike's first cause of action because her claim is barred by TILA's one-year statute of limitations. *See* 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court,

5

or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.").

In her Complaint, Azike alleges that the violation giving rise to her claim occurred in June of 2007. (*See* Filing No. 28 at ¶ 10). Azike did not file her action until December of 2008. (*See* Filing No. 1). As E-Loan suggests in its Motion to Dismiss, Azike filed her suit after TILA's statute of limitations had run. Azike does not argue otherwise. (*See* Filing No. 34).

As a result, the Court finds that Azike's TILA claim against E-Loan is barred by TILA's one-year statute of limitations, and it will be dismissed, with prejudice.

### B. *Azike's Second Cause of Action Under UDTPA*

The Court also will grant E-Loan's Motion to Dismiss Azike's second cause of action under UDTPA.

"By its own terms, [UDPTA] § 87-303(a) provides only for equitable relief consistent with general principles of equity." *Reinbrecht v. Walgreen Co.*, 742 N.W.2d 243, 247 (Neb. Ct. App. 2007) (citing *Sid Dillon Chevrolet v. Sullivan*, 559 N.W.2d 740 (Neb. 1997)). "Because the UDTPA provides injunctive relief for 'a person likely to be damaged,' it provides relief from future damage, not past damage." *Id.* at 248 (quoting § 87-303(a)). Nebraska courts routinely dismiss a plaintiff's claims under the UDTPA if the plaintiff's complaint fails to seek injunctive relief. *Id.* at 247-48 (dismissing plaintiff's UDTPA claim "because he had not alleged or proved the likelihood of future harm sufficient to assert a viable claim for injunctive relief.").

Azike has not pled any facts to demonstrate that she is asking for relief from future damage. Instead, she asserts claims based on damages already incurred. Azike's Complaint, therefore, does not assert a viable claim for injunctive relief under the UDTPA, and the Court will grant E-Loan's Motion and dismiss Azike's second cause of action against E-Loan, with prejudice.

    **C.**    ***Plaintiff's Third Cause of Action under the NCPA***

E-Loan argues that Azike has failed to plead sufficient facts to support a claim that any of E-Loan's allegedly deceptive trade practices have had an impact on the public interest in Nebraska. This Court concurs.

In interpreting NCPA, the Nebraska Supreme Court has held that for a claim to be actionable "under the Act, the unfair or deceptive act or practice must have an impact upon the public interest . . ." *Arthur v. Microsoft Corp.*, 676 N.W.2d 29, 36 (Neb. 2004). NCPA provides: "It shall be unlawful for any person to monopolize, or attempt to monopolize or combine or conspire with any other person or persons to monopolize any part of trade or commerce." Neb. Rev. Stat. §59-1604. "Any person who is injured in his business or property by a violation of sections 59-1602 to 59-1606 . . . may bring a civil action in the district court to enjoin further violations, to recover the actual damages sustained by him, or both, together with the costs of the suit." *Id.* at § 59-1609. The Nebraska Supreme Court has interpreted the statutory language "trade and commerce" as inclusive of any "sale of assets or services and any commerce directly or indirectly affecting the people of the State of Nebraska. [The Supreme Court] read[s] this definition to limit the disputes that fall within the ambit of § 59-1602 to unfair or deceptive acts or practices that affect the public

interest." *Nelson v. Lusterstone Surfacing Co.*, 605 N.W.2d 136, 141 (Neb. 2000) (citations omitted). "[T]he Act is not available to redress a private wrong where the public interest is unaffected." *Arthur*, 676 N.W.2d at 36.

The allegations in Azike's Amended Complaint are attempts to "redress a private wrong" because her factual allegations are not sufficient to support the proposition that the public interest is affected. Notably, the circumstances surrounding Azike's case are similar to those in *Nelson*, where the Nebraska Supreme Court concluded the plaintiff's NCPA claim did not affect the public interest. *See Nelson*, 605 N.W.2d at 142 (dispensing with plaintiff's claims because the plaintiff only pled that a used car salesman lied about the certificate of title for one particular car, and the court concluded that "the transfer of the Jeep from appellants to appellee affected no one other than the parties to the transaction, and [that the plaintiff] has not shown a sufficient impact indirectly or directly on the public to qualify the transaction as an act or practice which is prohibited under § 59-1602.").

Likewise, Azike has not made any factual allegations in her Amended Complaint to support the proposition that any other individuals suffered a harm as the result of E-Loan's allegedly deceptive trade practices. She merely describes the harm she has suffered as a result of her single transaction with E-Loan. Azike "has not shown a sufficient impact indirectly or directly on the public to qualify the transaction as an act or practice which is prohibited under § 59-1602" of the NCPA. *Nelson*, 605 N.W.2d at 142.

The Court concludes that Azike's NCPA claim against E-Loan should be dismissed, for failure to plead "an impact upon the public interest . . ." *Arthur*, 676 N.W.2d at 36.

   **D.**  ***Azike's Fourth Cause of Action under UDAP***

In her final cause of action, Azike alleges that "[d]efendants engaged in the unfair and deceptive act of selling a used vehicle at an unreasonably high price, in violation of UDAP § 5.4.6.12 (2007)." (Filing No. 28 at ¶ 27.). The Court can find no statute bearing the citation that Azike used in her Complaint. While E-Loan raised this issue in its Brief in support of its Motion to Dismiss (Filing No. 33 at 12), Azike offered no additional support for her fourth cause of action in her Response Brief (*See* Filing No. 34 at 3-4). She merely stated that "[t]hrough discovery, it will be clear that Defendant E-Loan and Defendant Car Nation, collectively and in concert, have a pattern of deceiving consumers through their unfair business practices." (Filing No. 34 at 4.)

Azike's ability to conduct discovery does not absolve her of the "obligation to provide the grounds of h[er] entitlement to relief" in her Complaint. *Twombly*, 550 U.S. at 555 (quotations omitted). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* It is clear from the face of Azike's Amended Complaint that she has not satisfied this obligation. Not only has she failed to provide the Court with an accurate citation to the statute that gives rise to her alleged cause of action, but she also has failed to allege the factual grounds that would entitle her to relief.

Nowhere in her Amended Complaint does Azike allege that E-Loan committed acts that constitute participation in concert with Car Nation's act of selling her the car. Instead, Azike has pled facts to support the allegation that E-Loan was involved in the loan she obtained to purchase the car. As such, she has failed to plead facts to support the contention that E-Loan was somehow involved with the allegedly fraudulent purchase price of the vehicle.

9

Consequently, the Court will grant Defendant E-Loan's Motion to Dismiss Azike's fourth cause of action, as it is clear from the face of the Amended Complaint that it does not state a claim upon which relief can be granted.

## CONCLUSION

For the aforementioned reasons, the Court denies Azike's Motion for Default Judgment and grants E-Loan's Motion to Dismiss.

ACCORDINGLY:

IT IS ORDERED:

1. The Plaintiff Ugonwa Azike's Motion for Default Judgment (Filing No. 35) is denied;

2. Defendant E-Loan Inc.'s Motion to Dismiss (Filing No. 32) is granted in full;

3. All Plaintiff Ugonwa Azike's claims against Defendant E-Loan, Inc., are dismissed, with prejudice; and

4. The Clerk will amend the caption to remove the reference to Defendant E-Loan, Inc.

DATED this 11th day of June, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge